# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 15-277V
Filed: July 5, 2016
Not for Publication

*************************************
MORGAN DAVIS,                        *
                                     *
        Petitioner,                  *
                                     *    Interim attorneys' fees and costs
v.                                   *    decision; respondent objects to interim
                                     *    fee award; good faith; reasonable basis
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
        Respondent.                  *
                                     *
*************************************

Morgan Davis, Ronan, MT, *pro se*.
Alexis B. Babcock, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES[1]

On January 21, 2016, petitioner filed an application for interim attorneys' fees and costs, requesting that the court award petitioner $29,938.33 in interim attorneys' fees and costs for the work that her prior attorney, Ronald Homer, performed on the case. On March 8, 2016, petitioner filed a supplemental application for attorneys' fees and costs, asking for $4,748.48 in supplemental interim fees and costs, for a total request of $34,686.81. No decision on entitlement has been issued.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access. Because this is a *pro se* case, the original decision contained the undersigned's signature, while the posted decision includes the undersigned's electronic signature.

For the reasons set forth below, the undersigned awards petitioner $34,686.81 for interim attorneys' fees and costs incurred up to and including February 5, 2016, when Mr. Homer withdrew from the case.

**PROCEDURAL HISTORY**

On March 18, 2015, petitioner Raquel Davis filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), on behalf on her minor daughter. Petitioner alleged that her daughter suffered intracranial pressure, papilledema, and headaches caused by the human papillomavirus ("HPV"), hepatitis A ("Hep A"), and meningococcal vaccines she received on April 10, 2012. Pet. at 1.

The undersigned held the initial status conference on May 26, 2015. During the status conference, respondent's counsel said she would be willing to receive a reasonable demand from petitioner. On July 2, 2015, petitioner filed a status report saying she had forwarded a settlement demand to respondent on the same date. On July 27, 2015, the undersigned held another telephonic status conference, in which respondent's counsel explained that she had received petitioner's demand, but that she had not yet received a response from her client regarding settlement.

During a status conference on August 31, 2015, respondent's counsel informed the undersigned that her client had decided to litigate the case. The undersigned set a deadline of October 30, 2015 for petitioner to file an expert report supporting her allegations. Petitioner filed a motion for extension of time on October 30, 2015 asking for a new deadline of December 14, 2015 to file her expert report. The undersigned granted petitioner's motion on the same date it was filed.

On December 14, 2015, petitioner filed an unopposed motion for extension of time. In her motion, petitioner asked the undersigned to grant her an extension until January 13, 2016 to "determine how she intend[ed] to proceed" in the Vaccine Program. Mot. at ¶ 2. The undersigned granted her motion on December 15, 2015.

Petitioner filed a status report on January 13, 2016, saying the petitioner's counsel did not "intend to proceed further with petitioner's claim," but that petitioner still intended to pursue the case. Petitioner's counsel proposed filing another status report in 30 days saying how petitioner wanted to proceed.

On January 14, 2016, the undersigned issued an Order changing the case caption because Morgan Davis was no longer a minor. On the same date, she issued an Order giving petitioner's counsel 30 days to file a Motion to Withdraw as petitioner's attorney.

Petitioner filed a Motion for Interim Attorneys' Fees and Costs on January 21, 2016, asking for interim attorneys' fees of $27,728.10 and interim attorneys' costs of $2,210.23. Fee

2

App. at 1.  Petitioner's counsel filed a Motion to Withdraw as petitioner's attorney on February 4, 2016, which the undersigned granted the next day.  Respondent filed her response to petitioner's Motion for Interim Attorneys' Fees and Costs on February 19, 2016.  On February 26, 2016, the undersigned granted petitioner's former counsel's motion for extension of time to file her reply to respondent's response.  Petitioner filed her reply on March 4, 2016, along with a Motion for Leave to file a supplemental application for interim attorneys' fees and costs, which the undersigned granted.  In her supplemental application, petitioner's former counsel asks for an additional $4,727.50 in interim attorneys' fees and an additional $20.98 in additional interim costs.  Supp. Fee App. at 1.  Therefore, petitioner requests a total award of $34,686.81 in interim attorneys' fees and costs.  Id. at 2.

This matter is now ripe for adjudication.

## FACTUAL HISTORY

Petitioner was generally a healthy 14 year old before she received the HPV, hep A, and meningococcal vaccines on April 10, 2012.  Med. recs. Ex. 2, at 36.  She did visit doctors complaining of headaches and other mild health complaints prior to receiving the vaccinations at issue.  See med. recs. Ex. 2, at 56 (petitioner visited the doctor complaining of "stomach pains"); Id. at 90 (petitioner complained of experiencing headaches on both sides of her head).

Petitioner visited Tribal Health and Human Services approximately one week after receiving the vaccines complaining of a sharp headache that had been ongoing since April 10, 2012.  Id. at 3-4.  Over the next few weeks, petitioner visited an optometrist and a neurologist complaining of headaches.  Med. recs. Ex. 4, at 14; Med. recs. Ex. 5, at 3.  Petitioner's treating physicians looked into whether petitioner's headaches were due to a new eyeglass prescription.  Med. recs. Ex. 5, at 4.  Petitioner was diagnosed with a pseudotumor cerebri in April, 2012.  Med. recs. Ex. 5, at 3-5.  Petitioner was not able to attend school at times due to the severity of her headaches.  Med. recs. Ex. 3, at 646.  Petitioner visited the emergency room complaining of headaches numerous times between November 21, 2012 and October 7, 2013.  See id. at 325, 367, 521, 575, 589, 596, 616, 631, 640, 646.  On April 20, 2014, petitioner received DHE-45 treatment for her headaches.  Med. recs. Ex. 11, at 31.

On May 7, 2012, petitioner visited the emergency room complaining of chest pains.  Med. recs. Ex. 3, at 687.  She was diagnosed with dehydration secondary to diarrhea from taking Diamox, which she was taking to help manage her headaches.  Id.  Petitioner visited the emergency room again on September 21, 2012, complaining of shortness of breath.  Id. at 662.  On June 11, 2013, petitioner was diagnosed with borderline resting tachycardia.  Med. recs. Ex. 7, at 1-4.  As of her last visit to her pediatrician on October 29, 2014, petitioner "had been doing well for several weeks" due to treatment for her headaches with oral valproic acid, Solu-Medrol, and IV magnesium.  Med. recs. Ex. 12, at 19.

## DISCUSSION

I.      **Entitlement to Fees Under the Vaccine Act**

Under the Vaccine Act, a special master or the U.S. Court of Federal Claims may award fees and costs for an unsuccessful petition if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard.  Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152 at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.  Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Petitioners are "entitled to a presumption of good faith."  Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Program rules.  It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011).  In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim."  Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)).  Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed.  Turner, 2007 WL 4410030, at *6–*9.  Traditionally, special masters have been "quite generous" in finding reasonable basis.  Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis.").  Special masters have found reasonable basis to file a claim absent medical records or opinions supporting vaccine causation.  See Austin, 2013 WL 659574, at *8; Hamrick, 2007 WL 4793152.

II.     **Interim Fee Awards are Appropriate Under the Vaccine Act**

The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The Federal Circuit again found interim fee awards appropriate under the Vaccine Act in Shaw v. Secretary of Health and Human Services, 609 F.3d 1372 (Fed. Cir. 2010).  See also Cloer v. Sec'y of HHS, 675 F.3d 1358, 1361–62 (Fed. Cir. 2012), aff'd sub nom. Sebelius v. Cloer, 133 S. Ct. 1886 ("Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."); Vaccine Rule 13(b) (mentioning "interim fees").

Subsequently, a number of judges and many special masters have found interim fee awards permissible under various circumstances, including when petitioner's counsel has withdrawn from the case.  See, e.g., Woods v. Sec'y of HHS, 105 Fed. Cl. 148, 154 (Fed. Cl. 2012) (Judge Williams affirmed the special master's award of interim fees and suggested that

when counsel withdraws, and it is unknowable how long case resolution might take, an interim award may be appropriate); Friedman v. Sec'y of HHS, 94 Fed. Cl. 323, 334 (Fed. Cl. 2010) (Judge Damich found that the statute permits interim fee awards and that the special master acted within his discretion in choosing not to award interim fees); Doe/11 v. Sec'y of HHS, 89 Fed. Cl. 661, 668 (Fed. Cl. 2009) (Judge Williams reversed the special master's denial of interim fees); Becker v. Sec'y of HHS, No. 13-687V, 2014 WL 4923160, at *7 (Fed. Cl. Spec. Mstr. Sept. 11, 2014) (the undersigned held it was appropriate to award interim fees to an attorney who was withdrawing from the case); Iannotti v. Sec'y of HHS, No. 12-782V, 2014 WL 3726614, at *7 (Fed. Cl. Spec. Mstr. July 7, 2014) (Special Msater Corcoran awarded interim attorneys' fees and costs to a withdrawing attorney, noting "The remedial goals of the Vaccine Program . . . are best served if withdrawing counsel who have otherwise represented a petitioner in a demonstrably able fashion are allowed to recover their fees before resolving the merits of a petitioner's underlying claim."); Bear v. Sec'y of HHS, No. 11-362V, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (Special Master Hastings awarded interim fees over respondent's objection in a case where petitioner's counsel was going to withdraw, and the petition had been pending for more than 19 months); Lumsden v. Sec'y of HHS, No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012) (Former Chief Special Master Vowell awarded interim fees in an autism case over respondent's objection when petitioner's attorney was withdrawing from the case); Edmonds v. Sec'y of HHS, No. 04-87V, 2012 WL 1229149, at *13 (Fed. Cl. Spec. Mstr. Mar. 22, 2012) (Then-Chief Special Master Campbell-Smith awarded interim fees over respondent's objection in an autism case in which petitioner's counsel was preparing to withdraw); Dudash v. Sec'y of HHS, No. 09-646V, 2011 WL 1598836, at *6 (Fed. Cl. Spec. Mstr. Apr. 7, 2011) (Special Master Moran found an award of interim fees appropriate); Burgess v. Sec'y of HHS, No. 07-258V, 2011 WL 159760, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2011) (Former Special Master Lord awarded interim attorneys' fees in a case where petitioners were soon to be represented by other counsel).

### III.   Interim Fees are Appropriate in This Case

In Avera, the Federal Circuit held that while interim fees are not banned by the statute, they were not appropriate in that case because appellants sought only interim fees pending appeal. 515 F.3d at 1352. The Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. In denying an interim fee award, the Federal Circuit reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." Id.

In Shaw, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. The U.S. Court of Federal Claims and several special masters have found an interim fee award appropriate when petitioner's counsel withdraws from the case. See Woods, 105 Fed. Cl. at 154; Becker, 2014 WL 4923160 at *7; Iannotti, 2014 WL 3726614 at *7; Bear, 2013 WL 691963 at *5;

Lumsden, 2012 WL 1450520 at *6; Edmonds, 2012 WL 1229149 at *13; Burgess, 2011 WL 159760 at *2.

### a. Good Faith & Reasonable Basis

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith. There is no evidence that this claim was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is fulfilled.

However, respondent does contest that this petition is supported by a reasonable basis. Respondent asserts that petitioners have the burden to affirmatively demonstrate reasonable basis. Resp. at 2 (citing McKellar, 101 Fed. Cl. at 305). She argues that there was no reasonable basis in this case because petitioner had a "clear history" of headaches predating her vaccination. Resp. at 4. Moreover, respondent argues, petitioner's treating physicians did not believe her headaches were related to the vaccine. Id. Finally, respondent points out that because this case was not filed on the eve of the expiration of the statute of limitations, petitioner's counsel cannot argue that they did not have time to fully investigate petitioner's claims. Id.

In contrast, petitioner asserts that she has met her burden to demonstrate reasonable basis. Petitioner's counsel argues that he thoroughly investigated petitioner's claim before filing the petition, and found that petitioner's medical records supported the claim that petitioner suffered headaches following her receipt of the HPV, hep A, and meningococcal vaccines. Reply at 6. Petitioner disagrees with respondent's contentions that petitioner's headaches clearly predated her vaccinations and that petitioner's treating doctors did not think petitioner's headaches were related to her vaccinations. Id. at 7-11.

It is true that the petition was not filed close to the expiration of the statute of limitations, and therefore a lenient approach to reasonable basis is not appropriate here. See Austin, 2013 WL 659574, at *9. ("[S]pecial masters have recognized that the ability to investigate adequately a claim is constrained by the need to file quickly to preserve the claim, and have found the balance between these competing obligations favors filing."). Id. However, the undersigned still finds that petitioner had a reasonable basis to file her claim. Petitioner filed medical records showing that she received HPV, hep A, and meningococcal vaccines, vaccines covered by the Vaccine Injury Table, on April 10, 2012. Med. recs. Ex. 1, at 1. Her medical records support that she visited numerous doctors and was taken to the emergency room several times complaining of severe headaches. Med. recs. Ex. 4, at 14; Med. recs. Ex. 5, at 3, 325, 367, 521. She was diagnosed with a pseudotumor cerebri in April, 2012. Id. at 3-5.

While it is true that petitioner complained of headaches before receiving the vaccinations at issue, these headaches did not seem to be as severe as those she complained of after her vaccinations. It hardly seems significant that petitioner had visited doctors complaining of headaches twice in the two years before her vaccinations. Med. recs. Ex. 2, at 55; id. at 89. Petitioner's mother did give a history to a doctor on June 28, 2012 that petitioner had been suffering from migraine headaches for 6-8 months, which would put the onset of petitioner's headaches before her receipt of the vaccines. Med. recs. Ex. 12, at 340. However, as petitioner

6

notes, petitioner's mother says in the same record that petitioner's headaches began shortly after receiving the vaccines. Id. at 339-40. Therefore, it seems that the 6-8 month notation was likely a mistake by either the doctor or petitioner's mother. Finally, as petitioner notes, even if petitioner's headaches predated her vaccinations it would not necessarily mean that she did not have a reasonable basis to file the case, because the Vaccine Act allows for the compensation of a petitioner whose condition has been significantly aggravated by a vaccine covered by the Vaccine Program. 42 U.S.C. §§ 300aa-13(b)(2).

Moreover, while respondent argues that petitioner's treating physicians did not associate her vaccinations with her headaches, there are several notations throughout the medical records saying that petitioner's headaches began shortly after she received the vaccinations at issue. Med. recs. Ex. 5, at 3; Id. at 5; Med. recs. Ex. 12, at 339-40. These may just be notations of the history that petitioner reported to her doctors. Moreover, merely showing a temporal relationship between an injury and a vaccination is not sufficient to prove causation. However, as noted by petitioner, numerous petitioners in the Vaccine Program have been compensated for developing headache conditions after receiving HPV, hep A, and meningococcal vaccines. As the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim" when deciding whether a claim has a reasonable basis, the undersigned finds that petitioner had a reasonable basis to bring this case. Turner, 2007 WL 4410030, at *6

This reasonable basis continued at least up until petitioner's counsel was unable to find an expert to support petitioner's claim and took the necessary steps to withdraw from the case. The billing records support that when petitioner's counsel was unable to find an expert to opine on how the vaccinations caused petitioner's headaches, he spent time communicating with petitioner about his withdrawal and preparing his interim fee application. As the undersigned noted in a previous case, "[i]t is reasonable for counsel to "wrap up" the case once she decides she can no longer represent the client for whatever reason." Hiland v. Sec'y of HHS, No. 10-491 V, 2012 WL 542683, at *9 (Fed. Cl. Spec. Mstr. Jan. 31, 2012). Additionally, the undersigned has reviewed the time petitioner's counsel billed for preparing his 22-page reply to respondent's response. She finds that it is reasonable to award the full amount requested for this reply, as it was not a boilerplate reply and its preparation necessitated consulting many medical records and cases.

### b. Protracted Proceedings

Additionally, interim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship on petitioner. As previously mentioned, many special masters have found that the withdrawal of counsel can constitute undue hardship. See Woods, 105 Fed. Cl. at 154; Bear, 2013 WL 691963 at *5; Lumsden, 2012 WL 1450520 at *6; Edmonds, 2012 WL 1229149 at *13; Burgess, 2011 WL 159760 at *2. The petition has been pending for over 15 months. Petitioner is still searching for new counsel. No expert reports have been filed, and respondent has not yet filed her Rule 4(c) Report. If petitioner decides to continue to pursue her claim, it may be months to years before an entitlement ruling is issued. Thus, the undersigned rejects respondent's objection to an award of interim fees and costs at this juncture and finds an award of interim fees and costs appropriate.

## CONCLUSION

The undersigned finds an award of interim attorneys' fees and costs appropriate.  In sum, the undersigned awards to petitioner the following amount for interim attorneys' fees and costs:

**Interim attorneys' fees awarded:** $27,728.10

**Interim attorneys' costs awarded:** $2,210.23

**Supplemental interim attorneys' fees awarded:** $4,727.50

**Supplemental interim attorneys' costs awarded:** $20.98

**Total interim fees and costs awarded:** $34,686.91

The undersigned finds this amount to be reasonable and awards **$34,686.91**, representing reimbursement for interim attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Conway, Homer & Chin-Caplan, P.C. in the amount of **$34,686.91**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>July 5, 2016</u>                                                                  s/ Laura D. Millman
                                                                                                      Laura D. Millman
                                                                                                       Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.